Reiley v. Haynes.

## T. C. REILEY, *et al.*, V. MARTHA J. HAYNES.

1. REPLEVIN *against Officer, When Maintained.* An action of replevin can be maintained against an officer for the recovery of the possession of personal property that he holds by virtue of an order of delivery, previously issued in another action, provided the person who commences the second action is not a party to the first. The case of *Gross v. Bogard*, 18 Kas. 288, cited, and approved.

2. DECLARATIONS BY PARTY, *When Admitted in Evidence.* Declarations by a party to the action in possession of personal property, as to her ownership thereof, accompanying some principal fact which they serve to explain and qualify, are sometimes said to be a part of the *res gestæ;* but as the admissibility of such declarations is an exception to the general rule that the declarations of a party are not competent evidence in his own behalf, they should be allowed only with all the limitations and restrictions imposed upon them.

3. WITNESS—*Improper Answers—Review.* The only way to have the improper answers of a witness to proper questions reviewed in this court, is to move to strike out the answers, or so much thereof as is deemed to be improper, and take them from the consideration of the jury.

*Error from Republic District Court.*

REPLEVIN by *Martha J. Haynes* against *Reiley* and another. Trial at the June Term, 1886, and judgment for the plaintiff. The defendants bring the case to this court. The opinion states the facts.

*T. M. Noble,* for plaintiffs in error.

*T. C. S. Cooper,* and *Van Natta & Close,* for defendant in error.

Opinion by SIMPSON, C.: The plaintiffs in error commenced an action of replevin against James H. Haynes and George Schaaf, for the recovery of the possession of certain specific personal property, alleging that they were entitled to the possession of said property by virtue of default in the terms and conditions of certain chattel mortgages, executed by Haynes and Schaaf to them on said property. While this action was pending and undetermined, Martha J. Haynes, the wife of

James H. Haynes, who claims to be the absolute owner of the property, commenced her action in replevin, to recover the possession of the identical property from T. C. Reiley, the sheriff of the county, who held the property by virtue of the writ in the first action, and Richard Hunter, who was plaintiff in the first action, and to whom the chattel mortgages had been given. The case was tried by a jury, at the June term, 1886, and there was a verdict and judgment for Mrs. Haynes, for the recovery of the possession of the property, its value at the time of detention being found at $867.50, and damages for detention in the sum of $290, and costs. A motion for a new trial was overruled, and the case is here, with several assignments of error occurring during the trial.

I. The first is, (and it is doubtful on the record whether it was ever raised and passed upon by the court below,) that at the time of the commencement of this action the specific personal property was in the custody of the court, and that by the reason of that fact, replevin at the suit of a third party would not lie. This identical question was passed upon by the court in the case of *Gross v. Bogard*, 18 Kas. 288, and as Mrs. Haynes claims adversely to both her husband and Hunter, the decision controls this action. Mrs. Haynes can maintain this action in replevin against the officer and Hunter, at whose suit the former process issued, under which the sheriff claims possession.

II. The next proposition of counsel is, that the evidence is not sufficient to entitle Mrs. Haynes to recover. If we should undertake to determine this question in a precise and formal manner, it would be the trial of issues of fact in this court. The jury and the trial court have determined that there was sufficient evidence to entitle her to a recovery. If there is any evidence to support the finding of the jury and the judgment of the court, it is sufficient here. We shall not weigh the evidence, nor undertake to determine the credibility of the witnesses. There were no special findings required of the jury; the general instructions of the court to the jury were not excepted to, and the whole record of the proceedings de-

notes that there was a free, fair and full trial, with considerable latitude allowed in the introduction of evidence, so that we have no doubt but that both the court and jury were fully advised as to all the facts in the case.

III. It is said that the testimony of Mackay, Julius Beecher, Ole Beecher, A. C. McPherson and Charles Blackburn, or rather certain parts of it, ought not to have been permitted to go to the jury. This testimony consists of the statements of persons living in the neighborhood of Mrs. Haynes and knowing her ever since she came to Republic county, who testified to the declarations of herself and her husband, when they first moved into the neighborhood, as to the ownership of this specific personal property; that she had always claimed to be the owner of it, had always said so; that it was generally understood in the neighborhood that she was the owner; that by reason of these things it was a matter of reputation, generally known, that she was the owner of the stock; Haynes was her second husband, and she owned the stock before her marriage to him; that these statements as to the ownership were made while the stock was in the possession of Mrs. Haynes, as well by her as by her husband; that she had borrowed money in town on the fact of her ownership. These facts all had a tendency to support her claim, and divest the jury of an impression that her claim of ownership was being used for the sole purpose of saving the property from a chattel mortgage executed by her husband. Declarations by a party in possession of personal property as to the ownership thereof, accompanying some principal fact which they serve to explain and qualify, are sometimes said to be a part of the *res gestæ*. (*Stone v. Bird*, 16 Kas. 488, and authorities cited.) This case will be found to be very similar, in the particular features which we are now considering, to the one at bar, and all the criticisms of Mr. Justice BREWER on the manner in which the objections to the evidence were presented in that case, apply with equal force in this. The single issue in this case is, was Mrs. Haynes the owner and entitled to the possession of the property in suit? Her declarations while she was in possession of the property,

made for successive years before this controversy arose, was some evidence to go to the jury, under the proper limitations and restrictions, in support of that issue.   So the declarations of Haynes, with the same safeguards, might go in evidence, and those of George Schaaf are permissible, for they are both parties to the inquiry, represented by the sheriff, and their declarations in disparagement of their own title and in support of that of Mr. Haynes while in possession and control of the property, can be shown.   But this rule must be kept within safe and reasonable limits, and it is extended too far when witnesses are allowed to state the common understanding of the neighborhood, or the general reputation as to ownership.   This was done by several witnesses in their answers to questions to which they did not make direct responses, but there was no motion to strike out such answers and withdraw them from the jury.   The necessity for such a course was very clearly pointed out by the court in the case of *Stone v. Bird,* supra, and it is stated that a mere objection to its reception was not enough, but not even that was done in this case. When an improper answer is given to a legitimate question, or where a part of the answer is improper, the party complaining must move to strike out the answer, or the part he considers improper, in order to have it reviewed in this court. In this case witnesses were allowed to make remarks, and refer to the knowledge of the neighborhood, and make statements about "reputation of ownership," by addition to proper answers to questions, and possibly in one or two instances to questions so framed, that such answers could be made.   But these things are all mixed up with what appears to be the other and material matter, and we cannot say affirmatively that there is error.

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.