THE STATE OF KANSAS V. ROY ROMAIN *et al.*

1. LARCENY—*Evidence, Rejected.* At the trial of two persons charged with the larceny of a load of wheat, it is not error for the trial court to reject evidence tending to show that the father of one of the persons charged tried to hire other persons to haul the wheat to town, and declared that he had hired the prisoners to do so.

2. COLLATERAL CRIMES—*Cross-examination—Practice.* It is never permitted the state to attempt to prove collateral crimes, either by the cross-examination of a defendant or by evidence offered in chief; but a mere passing reference to other crimes, in the course of a cross-examination, is not considered prejudicial error in a case where, on the whole record, there is no room for doubt as to the guilt of the defendants.

*Appeal from Russell District Court.*

THE facts are stated in the opinion.

*D. Rathbone*, and *Bardsley Bros.*, for appellants.

*L. B. Kellogg*, attorney general, and *G. W. Holland*, county attorney, for The State.

Opinion by SIMPSON, C.: The appellants were convicted at the March term, 1890, of the district court of Russell county, of stealing fifty-four bushels of wheat, of the value of $23.76. They appeal to this court, and ask a reversal of the judgment for various reasons. They admitted in open court that they hauled the wheat in the night-time to town; and it is in evidence that they tried to sell it. In fact, without the admission, the proof of the taking was conclusive. By way of defense, they alleged that one Jesse Clough, the father of one of the defendants, hired them to haul the wheat to town. As an excuse for doing so in the night-time, they claim that Jesse Clough said that the wheat was mortgaged. The pretended agreement with Jesse Clough is testified to by his wife, the mother of one of the defendants, Clough himself not being produced, or his absence satisfactorily accounted for. The evidence of the defendants, with that of Mrs. Clough, con-

stituted a good defense, if true; but it is evident that the jury did not believe in the truth of the story.

Complaint is made of the cross-examination of the defendant Romain, and it does seem that the extreme limit was reached in that direction. To what extent a defendant can be cross-examined as to his previous residence and history, is a matter largely in the discretion of the trial court, and dependent on the developments of the trial. We decline to say in this particular case that such discretion was abused.

Complaint is also made that the state attempted to show the commission of other crimes by the defendant Romain prior to the one with which he was charged at this trial. The only recitation in the record that approaches such an attempt is certain questions asked of Romain on cross-examination. The inquiry as to whether or not he had brought another load of wheat into town and sold it, seems to have been provoked by his own statement on his examination-in-chief, and in our view is not prejudicial. The other inquiry, as to whether or not he had not taken two chickens from a farmer as he was driving along the road from the house at which they had taken the wheat, on their way to town, ought not to have been permitted; and yet it was a trivial matter, and in view of our strong conviction that the verdict of the jury is most amply sustained in every respect, we will not reverse for such an immaterial error.

Objection is made to the ruling of the trial court excluding the evidence of Duffy, by whom the defendants sought to prove that Jesse Clough offered to sell or mortgage this particular wheat to him. The defendants sought also to prove by one Clarkson that, prior to December 9 (the day the wheat was taken), Jesse Clough tried to hire Clarkson to haul the wheat to town, and afterward told Clarkson that he had hired defendants to do so. These offers were rejected by the court, and this is alleged as material error. It is true that, in an action for the possession of personal property, the declarations of a party thereto as to his ownership while in possession, accompanying some principal fact which they

serve to explain and qualify, are sometimes said to be a part of the *res gestœ*, and are admissible in evidence, (*Reiley v. Haynes,* 38 Kas. 259,) but this rule has no application to this case; Clough is not a party; the title to the wheat is not being determined as between him and some other claimant, and his declarations are hearsay to all intents and purposes. There was no error in excluding this class of declarations. Neither was there error in excluding the evidence proposed to be given by Knapp, that Romain told him that he was going to haul wheat for Jesse Clough. This was a self-serving declaration of Romain, and could not be given to the jury in this manner.

There is no force in the criticisms upon the instructions of the trial court to the jury. Taking them all together, they stated every element constituting the crime. The defendants were given the full benefit of every presumption of innocence. The record shows the guilt of the defendants, and does not show such prejudicial errors as to entitle them to another trial.

We recommend that the judgment of conviction be affirmed.

By the Court: It is so ordered.

All the Justices concurring.