(January 10, 1898.)

## BRADY v. LINEHAN.

[51 Pac. 761.]

PRACTICE ON APPEAL—EVIDENCE, WHEN REVIEWED.—On appeal from a judgment the evidence will not be reviewed or exceptions to findings on the ground that they are not supported by the evidence be considered, unless the appeal is taken within sixty days after the rendition of the judgment.

JOINDER OF ACTIONS.—A complaint in a suit brought to obtain a deed to property, sold under execution, from the sheriff, and to determine the plaintiff's right to such deed as against the sheriff and an adverse claimant, states one cause of action.

MISJOINDER OF PARTIES.—A sheriff who has sold property under execution sale and refused to make deed therefor to the purchaser, the execution defendant whose title was sold, and a third party who claims adversely to the plaintiff, may be joined as defendants in an action by the purchaser to obtain a sheriff's deed to the property purchased by him at such execution sale.

SAME—MULTIPLICITY OF SUITS NOT ALLOWED.—It is the policy of the code, as well as of equity practice proper, to prevent multiplicity of suits about the same subject matter, and to settle complicated controversies in one action, when practical, and to attain such objects any person who has or claims an interest in the subject matter of an action adverse to the plaintiff may be joined as defendant with other persons who are proper parties defendant to the action.

FRAUDULENT TRANSFERS.—The claims of title asserted by one who knowingly enters into an arrangement for the purpose of defrauding a mortgagee of his vendor cannot avail as against the claim of such mortgagee.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

W. C. Howie, for Appellants.

The court erred in overruling the demurrer. There was a misjoinder of parties and a misjoinder of causes of action; there were joined a suit to declare conveyances void, a suit in ejectment, a suit to quiet title, and a suit in *mandamus,* and a suit to compel a conveyance; nor did the suits affect all the parties alike, nor in fact did some of the suits affect some of the parties at all. The suits in ejectment, to quiet title, and to set aside conveyances in no way affected and could not be maintained against defendant, Oliver, and the suit in *mandamus* did not affect and could not be maintained against the other defendants. (*Tompkins v. Sprout,* 55 Cal. 31; 1 Ency. of Pl. & Pr. 209; 7 Lawson's Rights, Remedies and Practice, sec. 3470; 11 Am. & Eng. Ency. of Law, 1004, 1015; *Gardner v. Ogden,* 22 N. Y. 325, see 341, 342; Idaho Rev. Stats., sec. 4169.) Nora Linehan, when she mortgaged the Elmore hotel to Brady, did not mortgage the note from Thompson, and the mortgage securing the same for a conveyance of property does not convey a mortgage on the property nor the debt secured thereby, the mortgage conveying no title to the property mortgaged, but merely creating a lien on the property for the benefit of the debt of which it is merely an incident. (*Peters v. Jamestown Bridge Co.,* 5 Cal. 335, 63 Am. Dec. 134; *McMillan v. Richards,* 9 Cal. 365 (see 408-413), 70 Am. Dec. 655, and note; *Johnson v. Sherman,* 15 Cal. 287 (see 293 et seq.), 76 Am. Dec. 481; *Dutton v. Warschauer,* 21 Cal. 609 (see 621 et seq.), 82 Am. Dec. 765; *Nagle v. Macy,* 9 Cal. 426 (see 428-429); *Bennett v. Solomon,* 6 Cal. 135 (see 138, 139); *Phelan v. Ohrey,* 6 Cal. 478 (see 473); *Grattin v. Wiggins,* 23 Cal. 16 (see 26); *Willis v. Garris,* 24 Cal. 491 (see 498); *Bludworth v. Lake,* 33 Cal. 255 (see 264); *Jackson v. Lodge,* 36 Cal. 29 (see 39); *Mack v. Wetzlar,* 39 Cal. 247 (see 253 et seq.) The Idaho statutes are the same as the California statutes. (Idaho Stats. 1887, sec. 4523; Idaho Stats., sec. 3355.)

E. M. Wolfe, for Respondent.

In support of respondent's motion to take from consideration of this court all that part of the transcript purporting to be evidence taken at the trial, we contend: 1. That the appeal

was not taken within sixty days after the rendition of judgment; 2. The transcript, or bill of exceptions, does not purport to contain all the evidence taken at the trial. Appeal must be taken within sixty days after rendition of judgment. (*Brooks v. San Francisco etc. Ry.,* 110 Cal. 173, 42 Pac. 570; *Fatjo v. Swasey,* 111 Cal. 628, 44 Pac. 225; *Painter v. Painter,* 113 Cal. 371, 45 Pac. 689.) Counsel for appellant contends that, the demurrer should have been sustained for the reason that there is a misjoinder of parties and causes of action. We maintain that there is but one cause of action, the fraudulent disposition of the property by the Linehans. This is an action to recover specific real property. All of the reasons set forth as defenses are based on the one fraudulent transfer. A suit to cancel a conveyance, in ejectment, and to quiet title, in this action means simply to set aside those fraudulent transfers and to give us possession. All of which the code recommends. (Idaho Rev. Stats., sec. 4103.) In this suit we have but one cause, and we are governed by section 4102 of the Revised Statutes. As to who should be made defendants said section reads: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein," etc. (*Taylor v. School Tp.,* 79 Ind. 208; *Polack v. Gurnee,* 66 Cal. 266, 5 Pac. 229, 610; *Pfister v. Dascey,* 65 Cal. 403, 4 Pac. 393; *Wilson v. Castro,* 31 Cal. 421, 427; *Gafford v. Dickinson,* 37 Kan. 287, 15 Pac. 175; Pomeroy's Remedies and Remedial Rights, secs. 372-379, 384; Pomeroy's Equity Jurisprudence, sec. 114; *England v. Gardner,* 86 N. C. 366.) Counsel contends that Nora Linehan, when she mortgaged the Elmore Hotel to Brady, did not mortgage the Byrne note and mortgage which had been assigned to her. In that strict sense we do not contend that she did. We contend that the note was paid and the mortgage discharged. We do maintain that if she, after mortgaging to Brady, secured any advantage or lien on the property because of that mortgage, it would inure to the benefit of Brady and be subject to his mortgage. (*Persons v. Shaeffer,* 65 Cal. 79, 3 Pac. 94; *Madaris v. Edwards,* 32 Kan. 284, 4 Pac. 313; *Clark v. Baker,* 14 Cal. 612, 634, 76 Am. Dec. 449.) When we prove that Mrs. Linehan transferred the judgment to defeat the Brady mortgage, and that Fields

knew that Brady had a mortgage to be defeated, we have proven fraud such as will warrant our recovery. (Bump on Fraudulent Conveyances, 200, 202; Bigelow on Fraud, 289; *Kansas Moline Plow Co. v. Sherman,* 3 Okla. 204, 41 Pac. 623.)

QUARLES, J.—The trial court made the following findings of fact, the cause having been tried before the court without a jury, to wit: "1. That from the fifteenth day of December, 1886, to the thirtieth day of April, 1888, one A. D. Thompson was the owner in fee of the property in litigation in this case, and which is described as follows, to wit: 'Lot No. twelve (12) in block No. two (2) of the town of Mountain Home, in the county of Elmore, and state of Idaho, as per plat of said town now on file in the office of the recorder of said Elmore county.' 2. That on the fifteenth day of December, 1886, said A. D. Thompson executed a mortgage on the same to one John E. Byrne to secure the payment of $2,000, which said mortgage was a first lien on said property at that time. 3. That thereafter, to wit, on the twenty-fourth day of August, 1887, said A. D. Thompson executed a second mortgage on the said premises to Ferdinand Westheimer & Sons to secure the payment of $350. Both of said mortgages were duly recorded. 4. That on the 1st day of June, 1887, one C. A. Morrill & Co. obtained a judgment against said A. D. Thompson, and the property aforementioned was levied on and sold under said judgment, and on the seventeenth day of July, 1887, S. B. Kingsbury secured a sheriff's deed to the same as attorney for said C. A. Morrill & Co., and on the eighth day of October, 1888, said S. B. Kingsbury deeded said property to said C. A. Morrill by quitclaim deed. 5. That on the twenty-first day of February, 1889, said C. A. Morrill deeded said property to Mrs. Nora Linehan, defendant herein, by a special warranty deed. 6. That on the thirtieth day of March, 1889, said John E. Byrne, assigned his said mortgage and debt secured thereby to said Nora Linehan. 7. That on the thirtieth day of March, 1889 said Nora Linehan purchased the equity of redemption in and to said property from said A. D. Thompson by quitclaim deed, and on the same day said Nora Linehan, in consideration of said deed from said A. D. Thompson, canceled and satisfied said mortgage which she had purchased from said John E. Byrne, and entered the satisfaction of the same on the

note the payment of which said mortgage was given to secure, and also entered the satisfaction of the note and mortgage on the assignment of the mortgage to her. 8. That on the fifteenth day of December, 1890, said Nora Linehan and Patrick Linehan, her husband, executed and delivered to J. H. Brady, plaintiff herein, a promissory note and mortgage on the property aforementioned to secure the payment of $1,300 and interest, borrowed money, which mortgage was duly recorded in book 32 of Mortgages, at page 215, records of Elmore county. 9. That on the fifteenth day of February, 1894, said J. H. Brady brought his action in this court to foreclose his said mortgage, making Nora and Patrick Linehan defendants, and on the same day filed in the recorder's office of said Elmore county his notice of *lis pendens,* stating and claiming therein that his said mortgage was a first lien on said property; and on the thirtieth day of November, 1894, a decree was rendered in said action by this court in favor of J. H. Brady, plaintiff herein, and against said Patrick and Nora Linehan, for the sum of $2,227.82 and interest and costs and foreclosing said mortgage, and decreeing the same to be a first lien on said property, and ordering the same to be sold in due course of law, and the proceeds applied in payment of said mortgage. 10. That on the eighth day of November, 1889, said Westheimer & Sons commenced an action in the district court of the fourth judicial district of the state in and for Elmore county to foreclose their said mortgage of $350. In said action Nora and Patrick Linehan filed an answer, claiming a first lien on said property by virtue of said John E. Byrne mortgage, and on the seventh day of November, 1893, a final judgment was rendered in said action, in which it was adjudged and decreed that said Nora and Patrick Linehan had a first lien on said property in the sum of $3,840.28 and costs and attorney's fees, and on the 24th of January, 1894, said defendants Nora and Patrick Linehan caused said decree commanding the sheriff to sell said property, but before said sale on said execution, to wit, on the nineteenth day of February, 1894, said Nora and Patrick Linehan made and executed to William Fields, one of the defendants herein, an assignment of said judgment and decree for an expressed consideration of $2,000, and on the sale of said premises by the sheriff under said execution issued by

Nora and Patrick Linehan said William Fields bid in said property for the sum of $3,840, and in payment thereof tendered and turned in said judgment so assigned by Nora and Patrick Linehan to him, and another consideration was given by said William Fields for said property. On the twelfth day of October, 1894, said William Fields obtained a sheriff's deed to said premises, based on said sale. 11. That the assignment of said decree in the case of Ferdinand Westheimer & Sons against A. D. Thompson and others, above referred to, made and executed by said Nora and Patrick Linehan to said William Fields, was made with the intent and purpose of delaying and defrauding this plaintiff, J. H. Brady, out of his just debt, claim, and demand, with intent and for the purpose of defrauding and defeating a recovery on his said mortgage, and that said William Fields was a participator in said fraud. 12. That the plaintiff, J. H. Brady, had execution and order of sale issued on his said judgment against said Nora and Patrick Linehan, and said property was, on the ninth day of February, 1895, duly sold by C. P. Oliver, sheriff. At said sheriff's sale, J. H. Brady purchased said property for the sum of $100, that being the highest and best bid. 13. That prior to said sale, said William Fields served a notice on said C. P. Oliver, sheriff, in which he claimed to be the owner of said property. 14. That prior to the expiration of the time for redemption of said property from sale on the judgment in the case of *J. H. Brady v. Nora and Patrick Linehan,* said William Fields tendered the defendant C. P. Oliver, sheriff, the amount bid by plaintiff, and interest and cost, to wit, $112, and thereupon said sheriff issued to said William Fields a certificate of redemption, and said sum of $112 is now in the hands of said sheriff. 15. That C. P. Oliver, defendant herein, is the sheriff of Elmore county, and has been since the —— day of January, 1895. 16. That plaintiff, on the 4th day of September, 1895, demanded of said sheriff, C. P. Oliver, that he execute to him a sheriff's deed to said premises, but said sheriff refused, and still refuses, so to do, although the time for redemption had expired at the time of said demand. 17. That the defendants, Nora and Patrick Linehan, have not redeemed said property, or offered to redeem the same." The findings, of fact aforesaid were within the issues made by the pleadings,

and judgment was entered for plaintiff in accordance with the facts, adjudging the assignment of judgment made by Nora and Patrick Linehan to the defendant William Fields, and the sale under said judgment, to be void; also adjudging the deed made by James D. Gray, sheriff, to William Fields, to be void; also adjudging the certificate of redemption of the property in question issued to William Fields by C. P. Oliver, as sheriff, to be void; directing the said sheriff to make a deed to the plaintiff of said premises; and restraining the defendants from asserting any right, title or interest in or to said premises. This judgment was entered on the first day of June, 1896. The defendant William Fields proposed a bill of exceptions setting forth the evidence introduced on the trial, and the rulings of the court excepted to by the said defendant, which bill of exceptions was settled on the sixteenth day of June, 1896. On the twenty-second day of September, 1896, the defendant Fields appealed from said judgment to this court. No motion for new trial was made. The appellant has assigned several errors, some of which are that certain findings of fact made by the trial court are not supported by the evidence. This appeal being from the judgment alone, and not having been taken within sixty days after the rendition of the judgment appealed from, we cannot review the evidence or the exceptions that the evidence does not support the findings. (See Rev. Stats., sec. 4807.)

The complaint alleged the facts found, and concluded with the following prayer: "1. That the sale and assignment of said judgment and decree by said Nora and Patrick Linehan to said William Fields be set aside and the same declared null and void; 2. That the said certificate and deed by said sheriff to said Fields be set aside, and that the same be declared null and void, and of no effect; 3. That said Nora and Patrick Linehan and said William Fields be forever enjoined by a restraining order of this court from asserting any right, title or interest in or to the said premises, or any part of the same"; "6. That the said C. P. Oliver, sheriff of said Elmore county, be ordered and directed to execute and deliver a deed of said premises to this plaintiff, J. H. Brady, in compliance with the sale of said premises by said sheriff on the ninth day of February, 1895, and that the said sheriff be directed by order of this court to

place this plaintiff in possession of said premises; and for such other relief as may to this honorable court seem just."

The defendant demurred to the complaint on the following grounds, to wit: "1. That the complaint does not state facts sufficient to constitute a cause of action; 2. That there is a misjoinder of parties, in this: that C. P. Oliver, as sheriff, is improperly joined as defendant with Mrs. Nora Linehan, Patrick Linehan, and William Fields; 3. That there is a misjoinder of actions in this: there is an action against the sheriff to compel him to execute a deed under execution sale with one against other defendants to set aside transfers, and with title."

The trial court overruled the demurrer. The first ground of demurrer was not well taken, as the facts alleged stated a cause of action. The second and third grounds of demurrer are not, in our opinion, well taken, for the following reasons: The object of this suit was to determine the rights of the plaintiff in and to the realty in question, both as against the sheriff and the other defendants. The sheriff had sold to him at execution sale, but had, owing to the claims of the defendants, refused to make him a deed. If the plaintiff had sued the sheriff alone, the the court should have required that Fields and the Linehans be made defendants. Under section 4102 of the Revised Statutes, all four of the defendants are proper parties to the action, as a judgment in favor of plaintiff would affect all. But the Linehans filed their disclaimer, and the defendant sheriff filed an answer in the nature of a disclaimer, and in which he alleged that he was ready and willing to do whatever the court directed him to do in the premises. The case was contested solely by the defendant Fields, who prosecutes this appeal.

There was only one cause of action stated in the complaint. In alleging and proving this cause of action it was necessary to pass on the validity of certain transfers. Neither the practice under our code nor equity practice proper contemplate that a man who is entitled to a deed shall be compelled to bring as many suits as there may be questions involved or adverse claimants interested. The rules of practice in force in this jurisdiction were formulated to prevent multiplicity of suits, vexatious delays in litigation, and to settle complicated disputes by bringing in as defendant any person who has or claims an interest adverse to the

plaintiff, or who is a necessary party to a complete determination of the questions involved therein. The plaintiff brought his suit to obtain a sheriff's deed conveying the title to the lot in question from the Linehans; therefore the Linehans were necessary parties. The defendant Fields claimed an interest in and to the said lot adversely to the plaintiff; therefore he was a proper party. If the plaintiff obtained his deed, he must do so from the sheriff, who had refused to make it; therefore the sheriff was a proper party. The plaintiff claimed to be entitled to a sheriff's deed conveying said lot to him from the defendant Nora Linehan, while the defendant Fields claimed to be the owner of said lot, and by reason of his claim the sheriff would not make the deed to plaintiff. Under these conditions it was proper to settle the whole controversy in one action, and the demurrer was properly overruled.

The findings of fact made by the court, which, for reasons heretofore given, will not be reviewed or disturbed, support the judgment. From said findings of fact it appears that Nora Linehan and her husband, Patrick Linehan, borrowed $1,300 from the plaintiff, and gave a note therefor, secured by mortgage upon the lot in controversy, on the fifteenth day of December, 1890, which mortgage was duly recorded; that plaintiff commenced a suit to foreclose his said mortgage, February 15, 1894, and on the same day filed a *lis pendens* notice in the county recorder's office in Elmore county, stating the object of the suit, and claiming a first lien on the said lot; that on the same day she purchased said lot Nora Linehan bought a mortgage given thereon by the former owner, A. D. Thompson, to one John E. Byrne, and which was foreclosed by decree of the district court in and for Elmore county on the seventh day of November, 1893, in a suit between Westheimer & Sons and the Linehans, in which said Nora Linehan was adjudged to have a first lien on said lot; that during the pendency of said action brought by the plaintiff to foreclose his mortgage, the said Nora Linehan and husband, Patrick Linehan, assigned the judgment of foreclosure of said Byrne mortgage to the defendant Fields, and under which the defendant Fields purchased; that said assignment was made by the Linehans for the purpose of defrauding the plaintiff, and that the defendant Fields knew of and participated in such fraudulent intent. The appellant does not

stand in the position of an innocent purchaser, but had notice of the claim of the plaintiff, and his alleged right in the premises was conceived in fraud, and cannot, therefore, avail him against the respondent. The findings of fact being within the issues made by the pleadings, and the judgment being supported by the findings and the pleadings, the judgment appealed from is affirmed, with costs to the respondent.

Sullivan, C. J., and Huston, J., concur.