## Glass v. Walters

*Robert W. Morton,* for plaintiff.

*W. Burg Anstine,* for defendant.

SHERWOOD, P. J., July 13, 1953.—After the jury's verdict in favor of plaintiff, defendant filed motions for a new trial and for judgment n. o. v. At the argument before the court en banc defendant's motion for judgment n. o. v. was withdrawn as he had presented no written point for binding instructions.

At the argument the sole question presented for the court's determination was whether or not the testimony of Charles F. Glass, plaintiff, was incompetent and thus should have been excluded by the court, Glass being an alleged surviving party to a thing or contract under section 5(e) of the Act of May 23, 1887, P. L. 158, 28 PS §322.

At the trial plaintiff was called as a witness, asked a few preliminary questions, and when the question of ownership of the personalty involved in the suit was asked objection was made on the ground that he was incompetent as a witness, being the surviving party under the dead man's rule, defendant's contention being that the complaint of plaintiff showed on its face an admission of ownership by Bertha Walters, the deceased party. An examination of the complaint shows that this is incorrect, that there is no admission at any point. Defendant saw fit simply to object to plaintiff's competency under the Act of 1887, but at no time requested an examination of plaintiff on his *voir dire* but relied upon the testimony of Walters himself in defense to establish the alleged fact of ownership of Bertha Walters. The court overruled the objection but stated that the objection could be heard at a later date when the matter could be fully determined. No effort was made by defendant to have the matter determined at a later date, nor was there any motion to strike out plaintiff's testimony as being incompetent, which would have been the proper practice.

Under the cases cited by defendant decedent's fiduciary was either plaintiff or defendant in the respective actions or they involved equity proceedings in which the deceased party had executed deeds, in some instances delivered and in others placed in escrow; none of them are suits instituted by one individual against another. Defendant in this instance set up an affirma-

tive defense in that ownership was in Bertha Walters and that he claimed as executor under her last will and testament and that, therefore, Glass was incompetent to testify.

The jury's verdict establishes the following facts:

Plaintiff was the owner of a list of farm equipment and other personal property which equipment was to be found on a farm belonging to defendant. Defendant had acquired title to the farm from his mother. At the death of defendant's mother, plaintiff claimed the property and was refused access to it or delivery of it by defendant and defendant retained such property as his own. Defendant alleged that the property had belonged to his mother and that he took possession of it as a coexecutor of the last will and testament of his mother.

As competency is the rule and the burden is upon one alleging incompetency, he must show how the witness is incompetent and must do so at the time of his objection: Henry, Pennsylvania Evidence, vol. 2, §778. The Common Pleas Court of Delaware County in Gelbarth v. Moore, 29 Del. Co. 68 (1940), ably sets forth the requirements to sustain an objection of this nature:

". . . six elements must exist before a witness may be disqualified under this section. These elements are as follows: (1) the deceased must have been a party to a thing or contract in his lifetime, (2) the thing or contract must be the subject of the controversy involved in the pending suit, (3) the deceased must have had an interest in the thing or contract, (4) the interest of the deceased must have passed, either by his own act or by the act of the law, to a party on the record in the pending suit who must represent such interest of the deceased in said suit, (5) the witness must have been the surviving party to such thing or contract or

have an interest therein adverse to the interest of the deceased, and (6) the subject matter of the witness' proposed testimony must relate to matters occurring in the lifetime of the deceased."

This briefly sums up Pennsylvania law respecting the competency of a surviving witness.

In order for defendant to sustain his objection he must show (1) that Mrs. Walters was a party to this farm equipment during her lifetime; (2) that the farm equipment is the subject of the present controversy; (3) that Mrs. Walters had an interest in the property during her lifetime; (4) that her interest passed by her own act or by an act of law to a party on the record who must represent her interest in the suit; (5) that Mr. Glass' interest is adverse to that of Mrs. Walters, and (6) that Mr. Glass' testimony relates to matters occurring in the lifetime of the deceased.

Plaintiff admits that the property was on Mrs. Walters' farm during her lifetime and that the farm equipment is the subject of the present controversy and that Mr. Glass' testimony relates to matters occurring during the lifetime of the deceased. However, plaintiff insists that it has not been shown that Mrs. Walters had an interest in the property during her lifetime or that her interest passed to a party on the record who represents her interest and that Mr. Glass' interest is adverse to any interest of Mrs. Walters, and that Mrs. Walters was not a party to this farm equipment during her lifetime.

The whole issue tried and decided by the jury was whether or not Mr. Glass purchased these items as against the averred ownership of Mrs. Walters by her son. The jury found that the property belonged to Mr. Glass and hence Mrs. Walters was not a party to these items. It must also be noted that Mr. Glass'

testimony as to ownership did not depend upon transactions occurring between him and decedent. To outlaw his testimony as to title would be to presume defendant the owner. No such presumption exists: Cunningham v. Stoner, 10 Idaho 549 (1905), 41 A. L. R. 1048.

The province of the trial judge is important here, for upon objection, he must make the ruling as to competency.

"Since the Act of April 15, 1869, P. L. 30, all witnesses are prima facie competent, and the burden is on one objecting to the witness to make his incompetency affirmatively appear."

This is primarily for the court. Where the question is doubtful, the court can hear the testimony and permit the jury to decide the question. Henry, Pennsylvania Evidence, supra, secs. 762, 779; Gordon v. Bowers, 16 Pa. 262 (1851). The jury has foreclosed a further decision; they found that Mr. Glass purchased or made the goods in question and that Mrs. Walters had no interest therein; hence, plaintiff's testimony was found competent.

The same reasoning follows the question that pertains to Mrs. Walters' interest in the property during her lifetime. She gained no interest from the testimony of plaintiff. She was not a party to the transactions giving rise to plaintiff's cause of action or the transactions that gave rise to Mr. Glass' claim of title to the farm equipment in controversy. The issue in the case presented to the jury was whether or not Mr. Glass had purchased or made the items in question. The jury found in favor of plaintiff and, therefore, no interest existed as a matter of fact in Mrs. Walters.

The most involved question is whether or not defendant represents the interest of the deceased "on the record". The answer of defendant alleges that defend-

ant took possession as a coexecutor and further that the property was conveyed by a last will and testament to Vera Miller and Allan Walters. But decedent is not a party to this action; her estate is not a party to this action. The writ is directed against the son of a decedent in his individual capacity for the wrongful possession of goods allegedly the property of plaintiff. At the time the writ was served and thereafter defendant could have joined himself in his representative capacity as an additional party defendant and could have joined Vera Miller. This was not done although permitted by the Rules of Civil Procedure. The mere fact that a defendant is related to a person deceased does not demonstrate "on the record" that defendant represents in any way the interest of that deceased person and does not make the interest of the witness adverse per se to the interest of decedent.

The only evidence produced by defendant of his representative capacity was oral. The best evidence rule indicates that documents pleaded or mentioned in testimony are themselves the best evidence of their existence. Neither the will mentioned in defendant's answer nor the inventory and appraisement mentioned in the notes of testimony were introduced by defendant. As a matter of fact, the best evidence as to defendant's truthfulness would have been the letters testamentary, issued to all executors, but defendant testified on the witness stand that the will was not probated. The contradiction of his own answers by defendant creates more than a doubt as to his credibility and to the interest of his mother in the property. The court hearing such testimony could well have overruled an objection as to plaintiff's testimony because of this alone. The interest of a decedent must be demonstrated, otherwise a defendant to any action of title would need only the mere allegation of obtain-

ing title through a deceased person to work a fraud upon the courts and innocent parties. Defendant cannot by the mere averments of his answer disqualify plaintiff.

Since defendant did not demonstrate to the court that decedent had any interest in this property, it certainly follows that the interest of plaintiff would not then be adverse to that of decedent. As stated by defendant in his brief, it is not the adverse testimony that disqualifies but the adverse interest. Defendant stated that an inventory and appraisement was filed, but no inventory and appraisement were introduced. This interest of decedent must be shown and without more than the oral testimony of defendant neither the court nor the jury should be permitted to surmise or guess whether or not these items were in fact a part of decedent's estate. The inventory and appraisment, if filed, would speak of decedent's interest of itself, and the failure to introduce that document is vital to the conclusion that decedent or her estate had or have any interest in the items in controversy.

There are many cases in the courts of our State wherein a survivor has been held incompetent to testify against the interests of a decedent. The cases deal chiefly with actions by or against the administrator, executor, or the estate itself. Certain other cases deal chiefly with gifts alleged to have been made prior to death. These cases do not deal with the point in hand. They are cases where the party objecting to the testimony of a particular witness has been able to show the incompetency by evidence having a probative value.

We, therefore, conclude that plaintiff was a competent witness to testify to the facts of ownership of the personalty in question and that under the answer of defendant and the testimony of Allan Walters alone

302

the issue was a factual one for the jury's determination. We see no ground sufficient to authorize the court to grant a new trial in this issue.

And now, to wit, July 13, 1953, it is ordered, adjudged and decreed that defendant's motion for a new trial is overruled and refused and judgment is entered on the verdict in favor of plaintiff, Charles F. Glass, in the sum of $850, and against defendant, Allan Walters, with interest from January 22, 1952, and costs of suit.