[No. 9,192.    Department One.—November 21, 1884.]

JAMES W. CALKINS, RESPONDENT, v. RUDOLPH STEINBACH ET AL., APPELLANTS.

66 117
c138 655

MORTGAGE—FORECLOSURE—REDEMPTION BY TENANT IN COMMON.—Under section 701 of the Code of Civil Procedure, a redemption of land by a tenant in common, after a sale under a foreclosure of mortgage executed by all the co-tenants, puts an end to the sale, and restores the parties to their original title.

ID.—EQUITABLE LIEN—ACTION TO ENFORCE.—The tenant in common making such redemption acquires thereby an equitable lien upon the interests of his co-tenants, for the payment of their several proportions of the money paid by him in effecting the redemption; and a court of equity will enforce such lien by decreeing that in default of payment the interest of the co-tenants be sold, and the proceeds applied to the extinguishment of the lien.

APPEAL from a judgment of the Superior Court of the county of Santa Barbara, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Gordon Blanding,* and *B. S. Brooks,* for Appellants.

*Estee & Boalt,* and *Paul R. Wright,* for Respondent.

ROSS, J.—The case made by the complaint is this: Three persons—Gallagher, Mahé and Paviller—were seized in fee of certain lands. Being so seized, they executed a mortgage upon the lands, to secure the payment of their promissory note to Gasper Orena and wife.

The mortgage was subsequently foreclosed, because of default in the payment of the money ; and under and pursuant to the decree of foreclosure, the lands were regularly sold at public auction to one Le Roy, for $18,837.89, who received from the sheriff a proper certificate of sale, which was duly recorded in the county where the lands were situated. Within six months after the sale, one of the mortgagors and judgment debtors, Gallagher, executed to the plaintiff a deed, conveying to him all of his (Gallagher's) interest in the lands, which deed was duly recorded in the proper county ; and within six months from the date of the sheriff's sale, plaintiff, as successor in interest of the judgment debtor, Gallagher, redeemed the lands by paying to the sheriff the full amount of money necessary for that purpose, aggregating $20,985.40 ; upon the receipt of which the sheriff executed to plaintiff a proper certificate of redemption, which was duly recorded in the office of the recorder of the county, and afterwards paid over the money to Le Roy, who received it in full satisfaction of his rights as purchaser at the foreclosure sale. Prior to the plaintiff's purchase from Gallagher, the defendant Steinbach acquired by purchase the interest of Paviller in the lands, a deed for which was put on record;

and subsequently, but before the commencement of the present action, Steinbach acquired, through a sale made under and pursuant to proper probate proceedings, all of the interest of the estate of Mahé in the lands, Mahé having deceased.

The complaint alleges these facts, and then avers " that more than sixty days have expired since the plaintiff redeemed the above described land and premises from foreclosure sale, and neither of the defendants herein (defendants being Steinbach, one Dussol, and the administrator of the estate of the deceased Mahé) have redeemed, or offered to redeem, any part or portion of said land or premises, or interest therein, from him. That all of the defendants herein have had notice of plaintiff's said redemption, and plaintiff has frequently since said redemption demanded of the said defendants, and each of them, that they and each of them pay to the plaintiff such proportion of the said sum of $20,985.40, so as aforesaid paid by plaintiff in redeeming said land and premises, together with interest thereon, as the interest of each of said defendants in said lands and premises bears to the whole thereof. That, nevertheless, the said defendants claim some right or title to said land and premises, by reason of the former co-tenancy, as aforesaid. That the defendants and each of them have hitherto wholly refused, and still do continue to refuse, to pay to plaintiff or contribute any portion of said money so paid by him on said redemption." And the prayer of the complaint is :

" 1.  That the defendants and each of them be forever barred from setting up any claim to the said land and premises, or any part thereof.

" 2.  That plaintiff be decreed to be the owner in fee of the whole of said land and premises.

" 3.  For costs of suit, and for such other or further relief as to the court may seem meet and equitable."

The court below adjudged the plaintiff the owner in fee of the entire lands; and further decreed, that the defendants and each of them " be and are forever barred from setting up any claim to said lands or premises, or any part thereof."

The judgment is clearly erroneous. The effect of the redemption by plaintiff was precisely the same as if it had been made by Gallagher. It was as successor in interest of Gallagher,

that plaintiff became entitled to redeem. (Code of Civil Procedure, § 701.) Upon his redemption, the effect of the sale was terminated, and he thereupon acquired an equitable lien upon the interests of his co-tenants in the lands, for their just proportion of the money paid by him in effecting the redemption; and he had his action to recover such proportion, and a decree to the effect that, in default of such payment, the interests of the co-tenants in the lands be foreclosed. Those were the relative rights and duties of the respective parties. There is no such thing under our statute as a redemption from a successor in interest of one of two or more judgment debtors, who redeems lands sold subject to redemption. Our code provides for the redemption of the property so sold: first, by the judgment debtor or his successor in interest in the whole or any part of the property; and second, by a creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold.

The persons mentioned in the *second* subdivision of the statute are termed redemptioners. If property sold be redeemed by such a redemptioner, another redemptioner may, within sixty days after the redemption, again redeem it from the last redemptioner, on making the payments prescribed by section 703 of the Code of Civil Procedure. And the property may be again, and as often as a redemptioner is so disposed, redeemed from any previous redemptioner within sixty days after the last redemption, upon making the payments and taking the steps prescribed by the statute. If so redeemed, and whenever sixty days have elapsed, and no other redemption has been made, and notice thereof has been given, and the time for redemption has expired, the last redemptioner or his assignee is entitled to the sheriff's deed. If, however, the debtor—who in all cases has the entire period of six months from the date of sale for the purpose—redeem, the effect of the sale is terminated, and he is restored to his estate. The same effect must be held to attend a redemption by the successor in interest of the judgment debtor; since the right of redemption, which is by the statute given to the judgment debtor, is also given to his successor in interest. Where the redemption is by the debtor (or his successor in in-

terest), the person to whom the payment is made is required to execute and deliver to him a certificate of redemption, acknowledged or proved before an officer authorized to take acknowledgements of conveyances of real property, which certificate must be filed and recorded in the office of the recorder of the county in which the property is situated; and the recorder is required to note the record thereof in the margin of the record of the certificate of sale.    (§§ 701-2-3, Code of Civil Procedure.)

It will be seen, therefore, that the effect attending a redemption of property, sold subject to redemption, depends upon the character of the person making the redemption.    If made by a " redemptioner " (defined in the second subdivision of § 701 of the statute), and there be no further redemption within the statutory period, the redemptioner is entitled to a deed from the sheriff, conveying to him the interest of the judgment debtor therein.    But if made by the judgment debtor, or his successor in interest, the effect of the sale is terminated; which fact is made to appear of record by a certificate of redemption, and a note thereof on the margin of the certificate of sale.

The conduct of the defendant, Steinbach, as evinced by his answer, does not commend itself to a court of equity, but it has not worked a forfeiture of any of his interest in the lands in question.    He is bound to the plaintiff for such proportion of the redemption money, with interest, as his interest in the lands bears to the whole thereof; and as security for payment of such sum, plaintiff holds an equitable lien upon all of the interest of Steinbach in the property.    To enforce the relative rights and obligations of the respective parties, it is necessary that this amount be judicially ascertained, a day fixed within which it be paid, and a decree to the effect that in default of such payment, defendant be forever foreclosed of all right or interest in the lands.

Judgment and order reversed, and cause remanded for further proceedings, with leave to the parties to amend their pleadings if they shall be so advised.

McKEE, J., and McKINSTRY, J., concurred.