(December 31, 1898.)

## NASHOLDS v. McDONELL.

[55 Pac. 894.]

PERSONS WHO CANNOT TESTIFY.—Section 5957 of the Revised Statutes of Idaho, subdivision 3, does not apply to an action brought to establish a trust.

STATUTE OF LIMITATIONS AS TO CESTUI QUE TRUST.—The statute of limitations does not begin to run against a *cestui que trust* until a trust is denied, or some act is done by the trustee, inconsistent with the trust. The record in this case examined and found to fully sustain the findings of the jury and judgment of the court. (Syllabus by the court.)

APPEAL from District Court, Lemhi County.

John A. Bagley and King, Burton & King, for Appellant.

Where the title to real property passes by the agreement and consent of the parties, by deed absolute in form, expressing a valuable consideration, in the absence of fraud, mistake or a fiduciary relation, a trust cannot be grafted into the transaction

or the terms of the deed overcome by parol testimony; the transaction comes within the statutes of fraud. (Perry on Trusts, par. 83; *Flint v. Sheldon,* 13 Mass. 443, 448, 7 Am. Dec. 162; Browne on Statute of Frauds, par. 106; 10 Am. & Eng. Ency. of Law, 59, and notes.) The cases all recognize that the party who undertakes to establish by parol evidence a trust in lands in opposition to the deed or other written evidence of the title has a task of great difficulty, and he must fail unless his evidence is such as to establish his case beyond all controversy. Public policy and the safety and security of titles require that this rule should be rigidly enforced. (*Midmer v. Midmer,* 26 N. J. Eq. 304; *Clement v. Clement,* 1 Jones' Eq. 184; *Kenedy v. Kenedy,* 57 Mo. 73; *Johnson v. Quarles,* 46 Mo. 423; *Hearne v. Insurance Co.,* 20 Wall. 488; *Maxwell Land Grant Case,* 121 U. S. 381, 7 Sup. Ct. Rep. 1015.) The testimony of respondent was incompetent and inadmissible. Respondent does not claim that Nasholds ever had the money. or took the title to the property in violation of any fiduciary or confidential relation, but that he, McDonell, paid one-half the money to Colvin, and directed him to give the deed to Nasholds. If a trust exists, it is an express trust, and cannot be proved by parol. (Perry on Trusts, sec. 79, and cases heretofore cited.) This suit is in the nature of a claim or demand against the estate of a deceased person, and respondent cannot be a witness as to any matter of fact occurring before the death of such deceased person. (Idaho Rev. Stats., sec. 5957, subd. 3.) Courts of equity often act upon their own inherent doctrine of discouraging for the peace of society antiquated demands, by refusing to interfere where there has been gross laches in prosecuting rights, and will not give relief against conscience or public convenience where a party has slept upon his rights. (Woods' Limitations of Actions, 435; 2 Story's Equity, par. 1520; *Stearns v. Page,* 7 How. 819; *McGivney v. McGivney,* 142 Mass. 156, 7 N. E. 721; Perry on Trusts, secs. 141, 869; 1 Pomeroy's Equity Jurisprudence, 419.) This action is barred by the statute of limitations of this state. Civil actions can only be commenced within the periods prescribed in

this title, after the causeo of action shall have accrued. (Idaho
Rev. Stats., secs. 4030, 4036; *Lord v. Morris,* 18 Ca. 482; *White
v. Sheldon,* 4 Nev. 280, 288.)

Thomas F. Terrell and W. T. Reeves, for Respondent.

The question of the statute of fraud is a new one in this case.
It was never mentioned or suggested at the trial. We deem it a
sufficient answer to such a contention, even if their position
were true, that defendant at no time during the trial, either by
demurrer, answer, or objection to testimony, raised the question
of the statute of fraud, and cannot now, on this appeal, for the
first time, be heard to say the transaction is within the statute.
When a contract within the statute of fraud is proved by parol
evidence without objection or exception, the right to invoke
the statute is waived, and it cannot afterward be insisted upon.
(*Kraft v. Greathouse,* 1 Idaho, 254, 259; *Osborne v. Endicott,*
6 Cal. 149, 65 Am. Dec. 498; *Nunez v. Morgan,* 77 Cal. 427, 19
Pac. 753; *Broder v. Conklin,* 77 Cal. 330, 19 Pac. 513; *Sweet-
land v. Shattuck,* 66 Cal. 31, 4 Pac. 885; *Dorris v. Sullivan,* 89
Cal. 62, 26 Pac. 621.) The objection to the evidence must be
more than a general objection to competency; it must call the
court's attention to the reason why it is incompetent; the ob-
jection must be that the contract is within the statute, and is
not in writing. (*Sweetland v. Shattuck,* 66 Cal. 31, 4 Pac.
885; *Eversdom v. Mahew,* 85 Cal. 1, 21 Pac. 431-433, 24 Pac.
382; *Keys v. Grannis,* 3 Nev. 556; *State v. Jones,* 7 Nev. 415;
*Thompson v. Thornton,* 50 Cal. 142; *Wimans v. Hassey,* 48 Cal·
634; *Saterlee v. Bliss,* 36 Cal. 489-507; *Dreux v. Domic,* 18 Cal.
83-89; *Owen v. Frink,* 24 Cal. 171-177.) If one party pays
only a part of the consideration, the party taking the title to
the whole land becomes a trustee for the other party *pro tanto.*
(*Case v. Codding,* 38 Cal. 191; *Hidden v. Jordon,* 21 Cal. 92;
*Millard v. Hathway,* 27 Cal. 119-139; *Wasley v. Forman,* 38
Cal. 90.) It is well settled that if a man pays a consideration
and has a deed made to a stranger to his blood, a resulting trust
at once arises in favor of the party who pays the purchase
money. The law *prima facie* presumes a trust in favor of the
person who has paid the purchase money. (1 Perry on Trusts,

secs. 143-147; *Cutler v. Tuttle,* 19 N. J. Eq. 558; *Davis v. Davis,* 18 Colo. 66, 31 Pac. 499; *Lakin v. Sierra Butte Min. Co.,* 25 Fed. 337.) Counsel for appellant discuss the question as to the competency of respondent to testify as a witness to the transactions with Egbert Nasholds, creating the trust claimed; the said Nasholds being dead at the time of trial. Appellant contends that to establish and enforce this trust is in the nature of a claim against the estate of Nasholds, deceased. Section 5957, subsection 3 of the Revised Statutes of Idaho, is taken literally from section 1880, subsection 3, of the Code of Civil Procedure of California, and, of course, in adopting the statute of California, we adopted such construction as the courts of that state had placed upon it. Fortunately for respondent, this identical statute has been learnedly construed by a comparatively recent California case, in an action establishing and enforcing a resulting trust, to which we call the court's especial attention. (*Meyers v. Reinstein,* 67 Cal. 89, 7 Pac. 192.) The statute of limitation did not, therefore, begin to run until after the repudiation of trust in 1894. The repudiation of the trust was a fraud upon the respondent, which he did not, and could not, discover until such repudiation occurred. (*White v. Sheldon,* 4 Nev. 280; *McClure v. Colyear,* 80 Cal. 378, 22 Pac. 175; *Barroilhet v. Anspacher,* 68 Cal. 116, 8 Pac. 804; *Love v. Watkins,* 40 Cal. 548-570, 6 Am. Rep. 624; *Jones v. Throckmorton,* 57 Cal. 368.) The statute will not begin to run against the *cestui que trust* or joint tenant while the latter is in possession of the trust estate. (*Gilbert v. Sleeper,* 71 Cal. 290, 12 Pac. 172; *McCauley v. Harvey,* 49 Cal. 497.) The statute of limitations does not begin to run against a *cestui que trust* in possession until ouster, whether the trust be an express or an implied trust. (*Henderson v. Hines* (Pa.), 6 Atl. 52; *Lakin v. Sierra Butte G. M. Co.,* 25 Fed. 337; *Taylor v. Holmes,* 14 Fed. 498; *Luco v. De Toro,* 91 Cal. 405, 27 Pac. 1082-1084.)

·HUSTON, J.—Plaintiff brings this action to establish a trust in his behalf in certain real estate situated in Salmon City, Lemhi county, Idaho, and to compel defendant to convey to him a one-half interest in said property. The case was tried by

the court with a jury. The facts, as shown by the record and found by the jury, are substantially as follows: in the year 1882 plaintiff and Egbert Nasholds, the husband of appellant, were partners engaged in the business of running a stage line in Lemhi county, Idaho. In September of that year, plaintiff and said Nasholds purchased of one Calvin the real estate in question, being certain lots in the town of Salmon City, Lemhi county, giving in payment therefor their two joint and several notes for the sum of $500 each, due in twelve and eighteen months, respectively, with interest at the rate of twelve per cent per annum. Immediately after the purchase of said property, plaintiff and said Nasholds (the latter being a married man, and the plaintiff a single man), went into possession of said property, and continued so in possession until the death of said Nasholds, which occurred in March, 1892, since which time plaintiff and defendant have occupied said premises up to the time of the commencement of this suit. At the time of the purchase of said property, the same was public land of the United States, but was subsequently patented under the townsite laws of the United States; and thereafter, in 1883, the same was deeded by the probate judge of Lemhi county to said Egbert Nasholds. This conveyance by the probate judge to Nasholds was made in pursuance of an agreement or understanding between plaintiff and said Nasholds that, as he (Nasholds) was a married man, he should take the title, and hold the same for the joint benefit of himself and plaintiff. In 1884, plaintiff and said Nasholds having become involved in their operations of running said stage line, they deemed it advisable to file a homestead upon said property; and, as Nasholds was the only one competent to file such claim, it was agreed that he should file it. In 1885, the firm made an assignment of their stage property and interests. The property had been used and occupied as a hotel for some time prior to the death of Nasholds. The hotel business was conducted by Nasholds and his wife, the defendant, up to the time of Nasholds' death, since which time it has been conducted by defendant and her two daughters. Plaintiff continued to occupy the premises jointly with defendant during the entire time. No accounts were ever kept, either be-

tween plaintiff and Nasholds, or plaintiff and defendant since the death of Nasholds. Plaintiff contributed toward the expenses of running the house. No account for board was ever made against him. He also contributed his portion in paying the taxes in 1892 and 1893. Some improvements were made upon the premises. They were paid jointly by defendant and plaintiff. The notes given for the purchase price of the property were not paid at maturity, and suit was brought thereon, and judgment recovered against Nasholds and plaintiff, which was subsequently paid by them, plaintiff paying something more than one-half. No articles of copartnership, or other writings of any kind, were ever made between the parties. This sort of partnership dealings, while repugnant to all correct business principles and rules, was, in the early settlement of this country, and to some extent still continues to be, quite common, especially in mining camps and localities. All the rents and profits from the property have been appropriated by the defendant. At the conclusion of the trial the court submitted fifteen findings to the jury, all of which were found in favor of the plaintiff, and were accepted by the court. We have carefully examined the record, and are satisfied that the findings of the jury are fully supported by the evidence.

The objection of the defendant to the competency of plaintiff as a witness is not well taken. Subdivision 3 of section 5957 of our Revised Statutes has no application to a case of this character. (*Myers v. Reinstein,* 67 Cal. 89, 7 Pac. 192.)

The statute of limitations does not commence to run, in cases of trust, until the trust is denied, either directly, or by some act by the trustee inconsistent with the trust. None of these things occurred in this case until the time, or immediately preceding the time, of the commencement of this suit. (*White v. Sheldon,* 4 Nev. 280.)

Finding no error in the record, and believing that exact justice has been done between the parties by the judgment and decree of the trial court, the judgment and decree of the district court are affirmed, with costs to respondent.

Sullivan, C. J., concurs.

Quarles, J., having been of counsel for the respondent, took no part in the hearing or decision of this case.

### ON REHEARING.

(January 28, 1899.)

SULLIVAN, J.—A petition for rehearing has been filed herein. As it presents nothing new, and nothing but what was fully considered by the court in the determination of the case, a rehearing must be denied, and it is so ordered.

Huston, C. J., concurs.

Quarles, J., having been of counsel for one of the parties, took no part in the consideration or determination of the petition for a rehearing.