(July 28, 1922.)

MAUDE E. GOLDENSMITH, Respondent, v. H. E. WOR-
STELL, as Executor of the Estate of S. V. OSBORN,
Deceased, Appellant.

[208 Pac. 836.]

ACTION ON CLAIM AGAINST AN ESTATE—SUFFICIENCY OF EVIDENCE.
    Evidence *held* sufficient to support the judgment as against
    appellant's assignment of insufficiency.

APPEAL from the District Court of the First Judicial
District, for Shoshone County. Hon. W. W. Woods, Judge.

Action on a claim against an estate. Judgment for plain-
tiff. *Affirmed.*

Jas. A. Wayne and H. E. Worstell, for Appellant.

When the evidence, even though uncontradicted, is in-
sufficient to sustain the verdict of the jury, or such verdict
is plainly contrary to the decided weight of evidence, such
verdict and the judgment based thereon will be reversed.
(*Hawkins v. Pocatello Water Co.,* 3 Ida. 766, 35 Pac. 711;
*Commercial Bank v. Lieuallen,* 5 Ida. 47, 46 Pac. 1020;
*Idaho Mercantile Co. v. Kalanquin,* 8 Ida. 101, 66 Pac. 933;
*Watson v. Molden,* 10 Ida. 570, 578, 79 Pac. 503; *Wood v.
Broderson,* 12 Ida. 190, 201, 85 Pac. 490; *Quayle v. Ream,*
15 Ida. 666, 99 Pac. 707; *Lamb v. Licey,* 16 Ida. 664, 671,
102 Pac. 378; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465;
*Gard v. Thompson,* 21 Ida. 485, 123 Pac. 497; *Goldstone v.
Rustemeyer,* 21 Ida. 703, 706, 123 Pac. 635; *Breshears v.
Callender,* 23 Ida. 348, 131 Pac. 15.)

S. S. Gundlach, for Respondent.

The evidence warranted a more substantial verdict.
(*Raft River Land etc. Co. v. Laird,* 30 Ida. 804, 168 Pac.
1074; *Dore v. Benedict,* 30 Ida. 731, 167 Pac. 1165; *Watkins
v. Mountain Home etc. Irr. Co.,* 33 Ida. 623, 197 Pac. 247.)

McCARTHY, J.—This action was brought by respondent to recover the value of services rendered to appellant's testator, S. V. Osborn, her claim filed with appellant as executor having been rejected. The complaint set out three causes of action. The first claimed $105 as compensation for the support and care for three months of Margaret Coonce, a step-granddaughter of Osborn, supplied at his request; the second was for board, lodging, mending, laundry work, nursing and attention rendered Osborn, from April 1, 1918, to March 1, 1919, a period of 334 days at $5 per day, or $1,670; the third asked reimbursement of $24 for money advanced at Osborn's request. The answer denied the material allegations of the complaint and set up a counterclaim for $350, the amount of a promissory note made by respondent payable to Osborn, which appellant was unable to produce, but claimed he had seen in Osborn's possession shortly before his death. A demurrer to the counterclaim was overruled. At the close of the respondent's evidence, appellant moved for a nonsuit, which was granted as to the first and third causes of action, but refused as to the second. At the close of all the evidence appellant moved for a directed verdict, which was denied. A verdict was returned for respondent on the second cause of action in the sum of $730 and judgment was entered for this amount with interest and costs. From the judgment, and from an order denying a new trial, this appeal is taken.

The principal assignment of error raised by appellant is that the court erred in refusing to grant his motions for a directed verdict and new trial, made on the ground of insufficiency of the evidence. Respondent claimed compensation for care of deceased continually from April 1, 1918, to March 1, 1919. The evidence is not clear as to the whereabouts of the deceased for all of the time between April 1 and October 1, 1918, during which time respondent resided in Spokane. Respondent's witnesses testified that in the early part of April, after respondent had established her home in Spokane, Mr. Osborn came to her residence with his grips, said he had come "home," made respondent's

residence his home and stayed there except for several trips which he made back to Wallace, Idaho. The exact number of these trips and the duration of his absence upon them is not definitely shown. On the other hand, evidence introduced by appellant tended to show that Mr. Osborn spent much time at his bungalow in Osborn, near Wallace, which he had rented to one Dunkle beginning the first of April, but where he was given a room without charge. Competent evidence was introduced, showing that the value of the services rendered to him by respondent was at least $5 per day. The jury evidently allowed nothing for this disputed period, but allowed respondent $5 per day for 146 days, or the remaining period—from October 1, 1918, to March 1, 1919. The evidence showed clearly that the respondent conducted the Success boarding-house near Wallace during this latter period, and boarded and cared for the deceased. It was shown by appellant that during this latter period he had registered three times at the Pacific Hotel a few miles away in Wallace. For this reason it is claimed that respondent could not have cared for him each and every day of that period, that the jury was therefore left to conjecture as to the exact number of days he was cared for, and had not sufficient testimony upon which to base an intelligent verdict. This seems to us too harsh a construction to put upon the circumstances. The evidence is clear and undisputed as to deceased's presence at the boarding-house except for the few visits to the hotel in Wallace. The jury evidently, and in all probability because of indefiniteness, disallowed the entire claim for the summer period. However, the evidence as a whole shows that the deceased received sufficient care from respondent at Spokane to more than offset the few brief absences shown to have occurred during the winter period. The evidence was sufficient to justify allowing the claim for the latter period.

Appellant also assigns as error the giving of instructions Nos. 1, 3 and 5. The objection to the first is that it advised the jury of the admission of certain facts relative to the age, infirmity, etc., of the deceased, which were in fact

denied by the answer. An answer to this objection is that if this was error, it was not prejudicial, for these facts were clearly brought out by the evidence.

The objection to instruction No. 3 is that in legal effect it advised the jury that if respondent furnished decedent board, lodging, etc., and he accepted the same, she was entitled to recover the reasonable value of the same for the period established by the evidence. It is admitted that this instruction would have been proper in an action on an implied contract, but suggested that this is one upon an express contract. It is an action on *quantum meruit*, and the instruction was correct.

The objection to instruction No. 5 is that it stated respondent could not be a witness. It is contended that she could have been a witness subject to the objection of appellant. C. S., sec. 7936, is drastic. It provides that claimants against an estate "cannot be witnesses" as to any matter of fact occurring before the death of the deceased. The instruction was in accord with the statute.

The judgment is affirmed, with costs to respondent.

Rice, C. J., and Budge and Lee, JJ., concur.

Dunn, J., disqualified.