(March 5, 1924.)

L. H. KILBOURN, Plaintiff, v. WILLIAM F. SMITH, Administrator of the Estate of LYMAN G. TAYLOR, Deceased, Substituted for HELEN F. TAYLOR, Executrix of the Estate of LYMAN G. TAYLOR, Deceased, Defendant and Respondent, and WILLIAM A. PARSLOW, Intervenor and Appellant.

[224 Pac. 432.]

COURT OF GENERAL JURISDICTION — ORDER — JURISDICTION—VALIDITY— PRESUMPTION — ACTION AGAINST EXECUTOR — CLAIM OR DEMAND AGAINST ESTATE.

1. Where the record is silent, it will be presumed that the proper steps were taken to support an action taken by the district court in the exercise of its jurisdiction.

2. An action against an executor or administrator to cancel promissory notes and a mortgage executed and delivered to the deceased is an action on a claim or demand against the estate within the meaning of C. S., sec. 7936, subd. 3.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action for cancelation of notes and mortgage. Judgment for defendant. *Affirmed.*

E. M. Wolfe, for Appellant.

This cause is not one contemplated by C. S., sec. 7936. It is not a claim or demand against an estate of a deceased person. This is a question as to ownership of property. (*Cunningham v. Stoner,* 10 Ida. 549, 79 Pac. 228; *Poulson v. Stanley,* 122 Cal. 655, 68 Am. St. 73, 55 Pac. 605; *Webster-Soule Farm v. Woodmansee's Admr.,* 36 Ida. 520, 211 Pac. 1090.)

W. G. Bissell and W. T. Stafford, for Respondent.

"Both terms (claim and demand) are used in the statute in their broad and comprehensive sense and apply to all sorts of causes of action against the estate of men, whether for money claims or property which, but for the establishment of the claim or demand, would belong to the estate." (*Delmore v. Long,* 35 Mont. 139, 88 Pac. 778, 781; *Hill v. Graham,* 11 Colo. App. 536, 53 Pac. 1060; *Vaden v. Vaden,* 1 Den. (N. Y.) 257; 11 R. C. L. 210, p. 190; *McDonald v. McDonald,* 142 Ind. 55, 41 N. E. 336.)

The case of *Rice v. Rigley,* 7 Ida. 115, 61 Pac. 290, disposes of the case at bar, whether it is an action in fraud or one to establish a trust.

"In an action on a claim against the estate of decedent the claimant cannot testify in support of his claim." (C. S., sec. 7936, subd. 3; 40 Cyc. 2276, 2315, 2318, 2337.)

McCARTHY, C. J.—The plaintiff in the court below listed his land for sale with Lyman G. Taylor, original defendant, at $13,200, or $115 per acre. The agreement which was in writing, provided that Taylor might purchase the land himself in which event he was to have the benefit of the commission. Taylor sold the land to the intervenor and appellant for $15,000. Appellant paid $4,000 cash, executed and delivered two notes totaling $9,200 to Kilbourn, the plaintiff, secured by a first mortgage, and two notes

for $900 each, to Taylor, secured by a second mortgage. Kilbourn sued Taylor, claiming that he had sold the land as his agent, and asking that he be adjudged the owner of the two $900 notes, or, in case the notes had been disposed of, that he recover $1,800 less the commission. Taylor answered, claiming that he had exercised his right to purchase the land under the contract, and had resold it to the appellant and intervenor. Appellant intervened alleging that Taylor fraudulently represented to him that the owner of the land would not· sell it for less than $125 an acre and that it was listed with him at that price. He prayed that the two $900 notes and the mortgage securing them be canceled and, in case they had been transferred, judgment be entered against Taylor for the principal sum of the notes with interest. The plaintiff Kilbourn abandoned his action and the case was tried as between intervenor and Taylor, with a jury sitting in an advisory capacity. The court, adopting the verdict of the jury in the main, found that misrepresentations had been made as alleged by the intervenor and entered a decree to the effect that the said promissory notes and mortgage should be set aside. The decree was entered May 24, 1921. The transcript shows that on August 20, 1921, the court passed upon a motion of respondent to set aside the findings of fact, conclusions of law and decree, sustained the motion as to the first ground thereof, denied it as to the remaining grounds, and on September 24, 1921, filed and entered new findings of fact, conclusions of law and decree dismissing the action of intervenor and adjudging that he recover nothing. From this decree intervenor appeals. The motion to set aside the original judgment is not contained in the transcript. It is agreed in the briefs of counsel that the impelling reason for setting aside the decree and entering a new one was the following. The original defendant, Taylor, died before the trial. Respondent W. F. Smith, administrator of his estate, has been substituted. Over objection, the court permitted intervenor to testify to conversations had with Taylor at the time the deal was made for the purchase of the ranch. This

was the only evidence as to the misrepresentations alleged to have been made. Upon the argument on the motion to set aside the decree the trial court concluded that this evidence should not have been admitted because of the provisions of subdiv. 3 of C. S., sec. 7936. Appellant's counsel in his brief states that if the ruling permitting the introduction of this evidence at the trial was right the first decree was correct, but if this ruling was wrong the first decree was erroneous and the second decree should stand. As stated above, the transcript does not contain the motion nor show when it was made. It does not appear that any objection was made to it on the ground it was not made in time or proper form. No appeal was taken from the order. So far as the record shows, the motion may have been a proper one, timely made. Where the record is silent it will be presumed that the proper steps were taken to support an action taken by the district court in the exercise of its jurisdiction. (*State v. Price, ante,* p. 149, 219 Pac. 1049.) The regular procedure would have been to hold a new trial instead of entering another decree without one. However, it would be permissible for the parties to agree that the case should be resubmitted to the court upon the same evidence without a new trial. This is in effect what appellant's counsel agrees to in his brief. The evidence is before us and both counsel argue the question as to whether the admission of the evidence complained of was erroneous. Subdiv. 3 of C. S., sec. 7936, provides as follows:

"The following persons cannot be witnesses: . . . .

"3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

In *Rice v. Rigley,* 7 Ida. 115, 61 Pac. 290, plaintiff sought to enforce a trust in a mining claim by reason of a grub stake agreement. The court held that plaintiff was disqualified as a witness to matters of fact occurring before the

death of the other party to the alleged agreement. This ruling was followed in *Coats v. Harris,* 9 Ida. 458, 75 Pac. 243. In *Cunningham v. Stoner,* 10 Ida. 549, 79 Pac. 228, plaintiff brought an action against an administrator of an estate to recover possession of a certain band of sheep, which he claimed to have leased to the deceased. The court held that this was not an action upon a claim or demand against the estate of a deceased person because plaintiff was not claiming anything from the estate, but only pursuing his own property. *Rice v. Rigley, supra,* was not overruled. The court did not give its reasons for its conclusion, stating that the members of the court could not agree on them. In *Martin v. Lemon,* 33 Ida. 692, 197 Pac. 823, this court held that an action to recover a trust fund from an administrator of an estate of a deceased person is not an action upon a claim against the estate. We conclude that the present case falls within the rule of *Rice v. Rigley, supra,* rather than *Cunningham v. Stoner, supra.* When the notes and mortgage were actually executed and delivered to Taylor, as a part of the consideration for the purchase of the land by intervenor, they certainly became the property of Taylor and remained the property of his estate after his death. Unless an extremely narrow and restricted meaning is to be given to the words "claim" and "demand" as used in the statute, this case falls within its purview. To demand that the administrator surrender up the notes and mortgage or that the estate pay the amount if they had been transferred is certainly making a claim or demand against the estate. We conclude that the action of the lower court in admitting this evidence upon the trial was error. It would have been ground for reversing the judgment on appeal or for granting a new trial upon a proper motion duly made. In the state of the record we are justified in assuming that a proper motion was made. We think we are also justified in accepting the invitation of counsel for both sides to finally determine this case in spite of the rather peculiar condition of the record. The judgment is affirmed with costs to respondent.

Nothing in this opinion shall be understood as holding or even intimating that a district court can set aside a judgment or final order except in accordance with the provisions of the statutes.

William A. Lee and Wm. E. Lee, JJ., concur.