(No. 4973.    March 8, 1928.)

JOHN S. THURSTON and LIZZIE THURSTON, Husband
and Wife, Respondents, v. NORMAN E. HOLDEN,
MABEL A. RIEGER, PATSY CRIGHTON, P. F.
RIEGER, as Administrator of the Estate of MINNIE
CRIGHTON, Deceased, and P. F. RIEGER, as Admin-
istrator of the Estate of FRANK CRIGHTON, De-
ceased, Appellants.

[265 Pac. 697.]

TENANCY IN COMMON—PAYMENT OF ENCUMBRANCES BY COTENANT—
SUBROGATION — RIGHT TO CONTRIBUTION — EQUITABLE LIEN — EN-
FORCEMENT AGAINST DECEDENT'S PROPERTY—WAIVER—"CLAIM OR
DEMAND" AGAINST ESTATE—WITNESSES.

1. Where owner of undivided one-third interest in business
block deeded his interest therein to his wife, who died intestate
leaving heirs, in suit by owners of undivided two-thirds interest
for partition and for accounting to determine moneys due plain-
tiff for expenditures in payment of mortgage, taxes, repairs and
improvements, filing of claim against estate of deceased wife was
not necessary.

2. When a cotenant pays off encumbrance or redeems from
sale of common property, he is immediately subrogated to cred-
itor's rights and acquires equitable lien on moiety of noncontribut-
ing cotenant, function of court declaring such lien being matter
of determination, not of creation.

3. When a cotenant expends money in improvements and re-
pairs of common property, he acquires an equitable lien on moiety
of his noncontributing cotenant therefor.

4. Right of cotenant, paying off encumbrance or redeeming
from sale or improving or repairing common property, to lien arises
from right to contribution on principle that conscience requires
equality among parties equally responsible for a common burden.

5. In action for partition by owner of undivided two-thirds
interest in business block and for accounting to determine amount
owing to plaintiffs for money expended in payment of mortgage,
taxes, repairs and improvements and to have it declared a lien
on defendant's moiety, where administrator of deceased owner
was made a party defendant, since plaintiff's lien for advance-
ment was limited to the interest of his cotenant in the common
estate, his right to a lien, under C. S., sec. 7588, against the

Argument for Appellants.

property could be enforced, although recourse against other property of decedent estate was not expressly waived in the complaint.

6. Enforcement of an equitable lien against property of a decedent involves a "claim or demand" against the estate, within C. S., sec. 7936, prohibiting plaintiff in action against administrator of deceased person from testifying to fact occurring before decedent's death.

7. Where owner of one-third undivided interest in business block deeded interest to wife, who died intestate, leaving three children as heirs, in suit by owner of two-thirds interest for partition and for accounting to determine amounts due for moneys expended in payment of mortgage, taxes, repairs and improvements, testimony of plaintiff that he paid out moneys, amounts and purpose thereof was inadmissible, under C. S., sec. 7936, as amended by Laws 1927, chap. 51, although testimony did not relate to transactions with deceased wife and part of transactions occurred before she acquired title.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. Bertram S. Varian, Judge.

Action between cotenants for an accounting and partition. Judgment for plaintiffs. *Reversed* and *remanded.*

George Donart, for Appellants.

A party to an action or proceeding prosecuted against an executor or administrator upon a claim or demand against

Publisher's Note.

2. Lien of one cotenant on the moiety of another, see note in 35 Am. St. 416. See, also, 7 R. C. L. 872. Right of one cotenant who pays mortgage to be subrogated to the right of mortgagee as against cotenant or his privies, see note in 8 L. R. A., N. S., 559. See, also, 7 R. C. L. 873. Right to enforce mortgage against cotenant where tenant in common pays mortgage debt, see notes in 10 Ann. Cas. 282; Ann. Cas. 1912C, 1264; Ann. Cas. 1917A, 832. See, also, 7 R. C. L. 873.

Contribution, 13 C. J., sec. 2, p. 821, n. 6.
Executors and Administrators, 24 C. J., sec. 943, p. 324, n. 99.
Subrogation, 37 Cyc., p. 398, n. 18.
Tenancy in Common, 38 Cyc., p. 47, n. 85, p. 61, n. 56, p. 80, n. 48.
Witnesses, 40 Cyc., p. 2303, n. 22, p. 2320, n. 66.

the estate of a deceased person is incompetent to testify as a witness as to any matter of fact occurring before the death of such deceased person. (C. S., sec. 7936; *Rice v. Rigley*, 7 Ida. 115, 61 Pac. 290; *Kilbourn v. Smith*, 38 Ida. 646, 41 A. L. R. 1042, 224 Pac. 432; *Coats v. Harris*, 9 Ida. 458, 75 Pac. 243.)

No holder of any claim against an estate may maintain an action thereon, unless the claim is first presented to the executor or administrator, except in cases where an action is brought by the holder of a mortgage or lien to enforce the same against the property of the estate subject thereto where all recourse against any other property of the estate is expressly waived in the complaint. (C. S., sec. 7588; *Flynn v. Driscoll*, 38 Ida. 545, 223 Pac. 524; *Bank of Sonoma County v. Charles*, 86 Cal. 322, 24 Pac. 1019.)

Norris & Sutton and Rice & Bicknell, for Respondents.

When, as an incident to partition, plaintiff seeks an accounting and a declaration of a lien against the property of one or more of his cotenants for the removal of a lien or encumbrance, his right is founded upon the equitable doctrine of subrogation. (38 Cyc. 47, note 85; *Willmon v. Koyer*, 168 Cal. 369, 143 Pac. 694, L. R. A. 1915B, 961; *Rich v. Smith*, 26 Cal. App. 775, 148 Pac. 545; *Wilson v. Linder*, 21 Ida. 576, Ann. Cas. 1913E, 148, 123 Pac. 487, 42 L. R. A., N. S., 242; *Titsworth v. Stout*, 49 Ill. 78, 95 Am. Dec. 577; *Hogan v. McMahon*, 115 Md. 195, Ann. Cas. 1912C, 1260, 80 Atl. 695.)

Subrogation is the substitution to the rights and remedies of an existing lien, and is not the creation of a lien. (*Leavitt v. Canadian Pacific Ry. Co.*, 90 Me. 153, 37 Atl. 886, 38 L. R. A. 152; *Dowdy v. Blake*, 50 Ark. 205, 7 Am. St. 88, 6 S. W. 897.)

When, in an action in partition, an accounting is had and a lien declared to reimburse for taxes, mortgages or other encumbrances, the lien is impressed only on the property involved in the partition suit and is not a personal liability against any party thereto. (*Wilson v. Linder*, 21

Ida. 576, Ann. Cas. 1913E, 148, 123 Pac. 487, 42 L. R. A., N. S., 242; *Willmon v. Koyer, supra.*

A cotenant whose property is subject to a lien which has been removed by another cotenant is privileged to abandon his title and refuse to contribute the amount which would be required to redeem his interest. (7 R. C. L. 870, sec. 64; *Duson v. Roos,* 123 La. 835, 131 Am. St. 375, 49 So. 590; *Watkins v. Eaton,* 30 Me. 529, 50 Am. Dec. 637.)

An accounting in partition where an estate of a deceased person is a party defendant is not an action upon a claim or demand against the estate which requires presentation to the administrator. (C. S., sec. 7581; *Fullerton v. Bailey,* 17 Utah, 85, 53 Pac. 1020; *Cunningham v. Stoner,* 10 Ida. 549, 79 Pac. 228; *Martin v. Smith,* 33 Ida. 692, 197 Pac. 823; *Poulson v. Stanley,* 122 Cal. 655, 55 Pac. 605.)

Actions upon claims or demands against an estate of a deceased person in which a party is disqualified to testify means claims that must be presented to the administrator of the estate. (C. S., secs. 7581, 7588, 7886, 7936, subd. 3.)

T. BAILEY LEE, J.—In the year 1903, plaintiffs, John S. and Lizzie Thurston, husband and wife, owned an undivided two-thirds interest in a certain business block in the town of Payette. The remaining moiety was owned by Frank Crighton, whose administrator is a party defendant. Thereafter on October 24, 1921, Frank Crighton deeded his interest to his wife, Minnie, who died intestate on May 27, 1923, leaving as heirs the spouse aforesaid and three children, apparently all of age. Plaintiffs brought this action, praying an accounting between plaintiffs and defendants to determine amounts due plaintiffs for money alleged to have been expended in payment of a mortgage, taxes, repairs and improvements; that such amounts be declared a lien upon defendants' moieties, and that partition of the common estate be had, if expedient, and, if not, that a sale of the premises be had and the proceeds divided according to the respective rights of the parties. The defendants named were the children aforesaid, the administrator of the de-

ceased wife, Minnie, and the guardian of Frank Crighton who had become incompetent. The defendants joined issue, and after trial of the cause but before judgment was entered Frank Crighton died, and his administrator was substituted. The court found that plaintiffs were entitled to a lien for $3,535.32 over and above all credits due defendants, and ordered a partition. From the consequent decree, defendants have appealed. Aside from the insufficiencies of the evidence, there are chiefly assigned as errors the action of the court in permitting plaintiff, John S. Thurston, to testify to matters of fact occurring before the deaths of Minnie and Frank Crighton, and the entering of judgment when it had not appeared that any claim for the expenditures had been filed with the administrators.

[1–5] As has already been noted, Frank Crighton was alive and represented throughout the trial. The filing of a claim against the estate of Minnie Crighton was not required. Plaintiffs were seeking purely equitable relief, the recognition and enforcement of a lien already imposed by equity in their favor to the amount of their expenditures necessarily and beneficially made. When a cotenant pays off an encumbrance or redeems from a sale of common property, he is immediately subrogated to the right of the creditor, and acquires an equitable lien on the moiety of his noncontributing cotenant. The function of the court declaring such lien is a matter of determination, not creation. (*Calkins v. Steinbach*, 66 Cal. 117, 4 Pac. 1103; *Walker v. Williams*, 84 Miss. 392, 36 So. 450.) The same rule applies to necessary improvements and repairs. (38 Cyc. 61.) The right to the lien arises from the right to contribution, a right resting not in contract express or implied, but upon the principle that conscience requires equality among parties equally responsible for a common burden. Equity demands that one of them shall not bear the burden in ease of the others. (13 C. J. 821.) It is argued that under C. S., sec. 7588, no action may be brought against an estate to enforce a lien, unless recourse against any other property of such estate be expressly waived in the complaint, and

that the complaint includes no such waiver. From the very nature of contribution between cotenants, the lien of an advancing cotenant is limited to the interest of his cotenant in the common estate. Beyond that particular interest his cotenant stands immune and cannot be subjected to a money judgment, for he may elect to pay or let his interest go. This right of election cannot be taken from him. (*Lyon v. Robbins,* 45 Conn. 513, 524.) Manifestly there can be no waiver where there is nothing to waive.

[6] The contention that plaintiff's testimony should have been excluded presents more difficulties. C. S., sec. 7936, prohibits a plaintiff in an action against an administrator upon a claim or demand against the estate of a deceased person from testifying to "any matter of fact occurring before the death of such deceased person." Is the instant action to enforce a lien against the decedent's estate an action upon a claim or demand? Respondents insist it is not, but that plaintiffs are seeking to recover their own property, something they created themselves and which has never been a part of Minnie Crighton's estate.

In support of this proposition they cite *Wilson v. Linder,* 21 Ida. 576, Ann. Cas. 1913E, 148, 123 Pac. 487, 42 L. R. A., N. S., 242, and other similar authorities. But it must be noted that in these cases the cotenant declared to be a trustee had already secured to himself the legal title of the common estate. He was not asserting a lien upon moiety interests, the title to which rested in his cotenants. In the one case he was seeking to quiet title to, or secure possession of that to which he had already acquired title, and of which his cotenant had been divested; and in the other he was seeking to acquire a title that had as yet not been divested. Unless his delinquent cotenant voluntarily deeded him the interest, the former could never be divested of title until partition, foreclosure or some other judicial action. Directly in point is *Calkins v. Steinbach, supra,* where a tenant in common having redeemed from a mortgage sought to quiet title against his cotenant; and the court refused relief, relegating

him to his remedy by foreclosure. In *Rice v. Rigley,* 7 Ida. 115, 61 Pac. 290, this court, speaking through Justice Sullivan, held that a suit to establish a trust in property, title to which stood in an estate, was a suit upon a claim or demand within the meaning of C. S., sec. 7936. And this construction has been affirmed in *Coats v. Harris,* 9 Ida. 458, 75 Pac. 243, and *Kilbourn v. Smith,* 38 Ida. 646, 41 A. L. R. 1042, 224 Pac. 432. It would therefore necessarily appear to be settled law in this state that the enforcement of an equitable lien against the property of a decedent involves a claim or demand against the estate.

[7] What testimony, then, if any, did the statute inhibit? Thurston testified that he paid out moneys, the amounts and purpose thereof and the necessity therefor. None of these transactions were had with the decedent; the majority of them occurring before she acquired title to the property. Under these facts respondents contend that the testimony, having to do with independent transactions was properly admissible. Such seems to be the rule in jurisdictions where the statute in terms interdicts transactions and communications had with the deceased. Our statute, taken from California, was purposely framed to include a broader field. The words, "any matter of fact occurring before the death of such person," show a studied intent to exclude all testimony of the adverse party touching any transaction or fact essential to the support of the claim or demand. Such construction was given in *Knight v. Russ,* 77 Cal. 410, 19 Pac. 698, the court saying that "The evident purpose of this section was to prevent parties testifying to matters tending to establish the asserted claim or demand."

Commenting upon this terminology, the California court in *Stuart v. Lord,* 138 Cal. 672, 72 Pac. 142, recognized the rule announced in *Knight v. Russ* and further declared: "The language is 'any matter of fact occurring before the death of the deceased,' and this applies as well to things without his presence as to those in which he might have participated."

Points Decided.

Apparently, our own legislature has so understood the effect of the statute, since in 1927 by amendment it substituted "communication or agreement not in writing" for "any matter of fact." The admission of the testimony was erroneous.

Judgment and decree reversed and the cause remanded for a new trial. Costs to appellants.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

Petition for rehearing denied.