232 P.2d 134

**FERRELL v. McVEY et al.**

No. 7662.

Supreme Court of Idaho.

May 15, 1951.

Rehearing Denied June 18, 1951.

Walter M. Oros, Boise, for appellant.

Caldwell, Alexanderson & Davis, Caldwell, Eugene H. Anderson, Boise, for respondent.

Pete Leguineche, Boise, for intervenor-respondent.

GIVENS, Chief Justice.

Appellant sued respondent-administratrix in two causes of action to impress a trust upon certain real property in decedent's estate and in lieu of deeds thereto by the administratrix, recover their asserted reasonable value.

Claims therefor were filed with the administratrix, who rejected the claims and denied there was any trust. The court granted a nonsuit after both sides had introduced evidence and rested. Appellant's assignments of error not only attack such adjudication, but also numerous immediate and reserved rulings of the trial court, admitting and rejecting testimony and exhibits. From the inception of the case and throughout the trial, respondents timely objected to testimony by appellant both as to conversations with the deceased and documents sought to be introduced in connection with her testimony on the ground the same were barred by Section 9–202, I.C.

Appellant contends that the court having held the assertion of a trust is not a claim which has to be filed under Sections 15–601–15–604, I.C., it is not a claim within the purview of Section 9–202, I.C. The determination of the applicability and extent of the bar of Section 9–202, I.C., without considering the minutiæ of the assignments, determines this controversy.

Rice v. Rigley, 1900, 7 Idaho 115, 61 P. 290, at which time the dead man's exclusionary statute was worded, Section 5957, Revised Statutes of 1887, as now, in an action to declare and enforce a grubstake agreement and impress a consequent trust upon property (mining claims) analyzing

construing cases from California, Utah, and the United States, expressly overruled Nasholds v. McDonell, 6 Idaho 377, 55 P. 894, and held that such action came within the bar of the statute and banned conversations between claimants and deceased.

Coats v. Harris, 1904, 9 Idaho 458, 75 P. 243, adhered to Rice v. Rigley, supra, holding the trial court correctly refused to permit the appellant to testify as to a claimed trust constituting him the beneficiary, asserted to have been entered into between him and his mother relative to reciprocal transfers involving real and personal property prior to her death.

Cunningham v. Stoner, 1904, 10 Idaho 549, 79 P. 228, initially held that an action in claim and delivery, i. e., replevin, was not a claim against an administrator or executor and the ban of the statute did not apply and on rehearing reiterated the holding and stated that for avowed undisclosed divergent, inexplicable reasons, the court could not and did not specify how the court distinguished Rice v. Rigley, supra, except the two cases involved different causes of action; the instant therein case looking solely to title and right of possession of personal property.

Martin v. Smith, 1921, 33 Idaho 692, 197 P. 823, 34 A.L.R. 389 n, without Rice v. Rigley, supra, being cited by counsel and without reference thereto by the court, held an action to recover a trust fund from an administrator was not an action upon a claim against an estate under then C.S.

Section 7590, now Section 15–613, I.C., but the case did not consider the dead man's statute nor was testimony which might have been affected by it involved.

Goldensmith v. Worstell, 1922, 35 Idaho 679, 208 P. 836, applied the bar of the statute to a claim for services.

Bertleson v. Van Deusen Brothers Co., 1923, 37 Idaho 199, 217 P. 983, to some extent considered the statute, but is not in point herein.

Kilbourn v. Smith, 1924, 38 Idaho 646, 224 P. 432, 41 A.L.R. 1042, was an action to recover (cancel) two notes or their value and an agent's commission. An intervenor claimed the notes and the action finally was between him and, after original defendant's death, his administrator. The court, noting Rice v. Rigley, Coats v. Harris, Cunningham v. Stoner, and Martin v. Smith, supra, held the action was a claim against the estate and the bar of the dead man's statute applied.

Casady v. Scott, 1924, 40 Idaho 137, 237 P. 415, indicates an equitable action to enforce a promise to devise is not a claim which has to be filed in compliance with then C.S. §§ 7581, 2, 5; now Sections 15–604, 5, 8, I.C., referring to Martin v. Smith, supra. This holding was followed in Kite v. Eckley, 48 Idaho 454 at page 461, 282 P. 868.

Thurston v. Holden, 1928, 45 Idaho 724, 265 P. 697, citing Rice v. Rigley, Coats v. Harris, and Kilbourn v. Smith, supra, held

enforcement of an equitable lien was a claim against a decedent's estate and applied the bar of the statute to conversations and occurrences prior to decedent's death, though not in his presence, thus: "The words, 'Any matter of fact occurring before the death of such deceased person,' show a studied intent to exclude all testimony of the adverse party touching any transaction or fact essential to the support of the claim or demand." 45 Idaho at page 730, 265 P. at page 698. The court noted the statute was amended by 1927 Session Laws, Chapter 51, p. 67, thereby substituting in place of the words "matter of fact", the words "communication, or agreement, not in writing". Such changed phraseology persisted until the 1947 Session Laws, Chapter 12, p. 12, when the original language was re-adopted and since extant.

Dowd v. Estate of Dowd, 1940, 62 Idaho 157, 108 P.2d 287, 291, 8 A.L.R.2d page 1100 n, annotation on the dead man's statute, page 1094, noting and applying the interim change in the statute, held it did not bar testimony as to "occurrences," only "communication, or agreement, *not* in writing". The action was by deceased's widow against herself as administratrix. She claimed certain funds were her separate funds (community and separate property statute); intervening heirs claimed these funds were estate assets. A claim was filed by the widow and disallowed by the Probate court.

Pickerd v. Dahl, 1942, 64 Idaho 14, 127 P. 2d 759, citing Cunningham v. Stoner, and Bertleson v. Van Deusen Brothers Co., supra, held the bar of the statute did not apply to an action in claim and delivery, i. e. replevin, to recover a certificate of deposit.

Burns v. Skogstad, 1949, trial in 1945, 69 Idaho 227, 206 P.2d 765, citing Thurston v. Holden, and Dowd v. Estate of Dowd, supra, held in an action by residuary legatees against an administrator or executor to impress a trust, their testimony as to representations made by deceased was barred by the statute.

Johnson v. Flatness, 1949, 70 Idaho 37, 211 P.2d 769, referring to Rice v. Rigley and Thurston v. Holden, supra, held in a suit to compel specific performance of alleged oral contract to will land and personal property and impress a trust thereon, that objections to testimony of claimants as to conversations of deceased should have been sustained under the statute.

█ This resumé appears to cover all of our cases on the point involved. We need deduce only the rule applicable to the attempted declaration and impressment of a trust on and recovery of real property or its value, and expressly do not pass on any other point. Conceding that such a suit does not constitute a claim which has to be filed under Section 15–604, I.C., it is perfectly apparent that this court has, without material deviation, conclusively held that such action is a claim within the purview of Section 9–202, I.C. The change made by the Legislature, first to alleviate the strict-

·ness of the statute in 1927, noted in Dowd v. Estate of Dowd, supra, and the reversion in 1947 to the original language, clearly shows the Legislature intended the statute to constitute a comprehensive and far-reaching bar. Therefore, to the extent death has sealed the lips of deceased as to any claimed trust agreement not in writing, the statute closes the lips of the surviving claimant or assignors.

▆▆▆ Thus, all objections made by respondents with respect to facts, circumstances, and conversations elicited or sought to be elicited from appellant bearing on a trust agreement which were sustained, were properly sustained and all such should have been sustained, since there was no written trust agreement. If any testimony by appellant did not bear on a trust agreement, it was of course, immaterial to the issues. There were documents, some admitted without objection, but without appellant's testimony to interpret and connect them, no trust agreement was thereby shown.

The testimony of all other witnesses for respondents did not establish any trust agreement.

There being no competent evidence to support appellant's causes of action, the court properly granted a non-suit, judgment of which is, therefore, affirmed and costs awarded to respondents.

PORTER, TAYLOR, and KEETON, JJ., and SUTPHEN, District Judge, concur.