Theresa **WESTHOFF**, formerly known as Theresa Klem, Plaintiff and Appellee,

v.

Ernest **KLEM**, Defendant and Appellant.

and

United States of America, acting through the Internal Revenue Service, Edward J. Barta, Marjorie Barta, Power Brake Midwest, Dickinson Tire and Retread, and State of North Dakota, Defendants.

Civ. No. 880248.

Supreme Court of North Dakota.

Feb. 20, 1989.

William D. Schmidt, of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for plaintiff and appellee.

Irvin B. Nodland, of Lundberg, Nodland, Schulz, Lervick & Tharaldson, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

Ernest Klem has appealed from a district court judgment in a quiet-title action commenced by his former wife, Theresa Westhoff. We reverse and remand.

On April 17, 1984, Theresa commenced an action for a divorce from Ernest. On June 3, 1985, an order was entered that granted Theresa a divorce from Ernest, but did not address any other issues in the divorce proceeding. On July 23, 1985, Theresa executed a stipulation by which she and Ernest agreed to a property distribution.

On December 3, 1984, Sam Dutchuk commenced an action to cancel a contract for deed by which he sold real property to Theresa and Ernest. On June 21, 1985, Dutchuk and Theresa executed a stipulation providing Theresa a six-month period of redemption to run from entry of a judgment cancelling the contract for deed.

On August 21, 1985, judgment was entered in Dutchuk's contract-for-deed cancellation action. The judgment provided Ernest with a thirty-day period of redemption and Theresa with a six-month period of redemption. On February 21, 1986, Theresa redeemed the property. Theresa then commenced this quiet-title action. The trial court, applying the doctrine of inurement, concluded that Theresa "redeemed not only for herself but for the benefit of the defendant, Ernest Klem, as her former co-tenant," and gave Ernest six months within which to "contribute his share of the redemption price" in order to preserve his interest in the property.

Ernest contends that Theresa contracted away all her rights in the property and that the trial court erred in applying the doctrine of inurement. We agree and reverse the judgment.

This court set forth the general rule on a redemption by a cotenant in *Stevahn v. Meidinger*, 79 N.D. 323, 57 N.W.2d 1, 12 (1952):

"Under the above stated 'general rule a redemption from a judicial or foreclosure sale of the common property by one tenant in common inures to the benefit of all of the cotenants, regardless of the intent of the redeeming tenant, and the nonredeeming cotenants may participate in the redemption by paying their proper proportions of the expenses at the proper time.' 62 C.J. Sec. 92, p. 465; *Calkins v. Steinbach*, 66 Cal. 117, 4 P. 1103."

See also, *Fettig v. Fettig*, 277 N.W.2d 278 (N.D.1979); *Frandson v. Casey*, 73 N.W.2d 436 (N.D.1955). A joint tenancy is terminated by a conveyance that vests the whole property in one person. 2 H. Tiffany, *The Law of Real Property* § 425 (3d ed. 1939). The doctrine of inurement is inapplicable to the redemption in this case because Theresa had conveyed to Ernest all her rights in the property, thus severing the cotenancy upon which the doctrine is based.

The property-distribution stipulation, which was drafted by Theresa's attorney, provided, in part:

"1. That the plaintiff, Theresa Klem, shall be entitled to the exclusive right, title and interest, legal or equitable, of all items of real or personal property currently in her possession and the defendant agrees to execute any and all documents necessary to convey any interest in said items of personal property to the plaintiff. It is further agreed that a certified copy of this stipulation will be sufficient to convey any interest of the defendant to the plaintiff.

\*　　\*　　\*　　\*　　\*　　\*

"3. The defendant [Ernest Klem] shall also be entitled to exclusive right, title and interest of all real property owned by the plaintiff and the defendant and the plaintiff shall execute any and all documents necessary to convey any interest she may have in said real property to the defendant."

The stipulation also provided that Ernest would assume all the marital debts. The foregoing provisions were later included in the divorce judgment entered on November 19, 1985.

■ Theresa relies on paragraph 1 of the property agreement quoted above for the proposition that she retained a right of redemption, arguing:

"Specifically included in the stipulation is the terminology that the defendant [sic] received all real and personal property, *legal or equitable* then in her possession. This language was included for the sole purpose of retaining on behalf of the Appellee, her equitable right of redemption that she had negotiated for in the contract for deed cancellation."

While the stipulation is ambiguous, written and oral exchanges between counsel for the parties [1] clearly establish that under the property agreement Ernest was to receive all of the real property and assume all the marital debts, while Theresa was to receive the personal property in her possession. The property agreement and the divorce judgment provide that Theresa was to "execute any and all documents necessary to convey *any interest she may have in said real property* to the defendant." (Emphasis added.) Theresa clearly manifested an intention to convey all her interest in the real property to Ernest. With the entry of the divorce judgment, Theresa

had no interest in the real property and was required to execute any documents necessary to effect a conveyance of her interests in the real property.

■ The trial court in this case found that Theresa and Ernest each had a secret intention to claim the sole right to redeem the property [2] and concluded that there was a "lack of mutual understanding as to disposition of their equitable interest in the contract for deed during the concluding stages of the divorce proceeding." But Ernest was to receive all the parties' interests in the real property and had no reason to declare his intention to redeem the property, especially in view of the fact that he assumed the debt owed on the property. Theresa's secret intention to claim a right to redeem is irrelevant. As this court said long ago at paragraph 8 of the Syllabus by the court in *Harney v. Wirtz*, 30 N.D. 292, 152 N.W. 803 (1915): "The secret intention of the parties, if different from the expressed intention, will not prevail, as the law looks to what the parties said as expressing their real intention." See also, *Jurgens v. Heisler*, 380 N.W.2d 329, 331 (N.D.1986): " '[T]he intention recognized by the court is to be ascertained from the acts of the owner, and not from the purpose hidden in his mind' " [quoting *Ramstad v. Carr*, 31 N.D. 504, 154 N.W. 195, 199 (1915)].

---

1. In a July 8, 1985, letter to Ernest's attorney (Nodland), Theresa's attorney (Schmidt) proposed a property and debt distribution, providing in part:

"Mr. Klem will be entitled to and receive all of the assets of the various business operations (both real and personal) as well as any other real and personal property currently in his possession, with Mrs. Klem being entitled to all of the items of personal property currently in her possession. Mr. Klem will assume complete responsibility for the payment of all debts incurred prior to the granting of the divorce between the parties, ..."

When the proposed property distribution was forwarded to Ernest for review, his attorney inquired of Theresa's attorney what was meant by stating that Theresa would receive "real or personal property." After receiving assurances that Theresa was not claiming an interest in any real property from Schmidt, Nodland wrote Ernest:

"I called Mr. Schmidt and he confirmed what I told you. Theresa is not making any claim to any real property in which you or she have had an interest during your marriage here in North Dakota ... I am assured there is nothing sneaky intended by the inclusion of that language in the settlement."

By letter of November 8, 1985, Schmidt advised Nodland that Theresa was unwilling to execute a deed to the property in issue and stated: "Based on our previous conversations, I would expect that Mr. Klem will take further action in regard to this matter. However, I wanted to let you know my client's thought regarding this matter."

It is apparent that Theresa misled her counsel as to her intention with regard to the right to redeem at issue in this action.

2. Ernest had received oral assurances from Dutchuk that he would allow Ernest to redeem the property.

We conclude that the trial court erred in applying the doctrine of inurement. The judgment is reversed and the matter is remanded for a determination of appropriate relief.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.